[No. B135296. Second Dist., Div. Five. Apr. 27, 2000.]

EDWARD VASQUEZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY FAIR ASSOCIATION, Real Party in Interest.

## COUNSEL

Louis G. Fazzi for Petitioner.

No appearance for of Respondent.

O'Melveny & Myers, Stephen P. Pepe, Catherine B. Hagen, Mary P. Donlevy and Scott K. Davidson for Real Party in Interest.

Steptoe & Johnson, Lloyd C. Loomis and Cynthia T. Soldwedel for Employers Group as Amicus Curiae on behalf of Real Party in Interest.

## OPINION

**GRIGNON, Acting P. J.**—Plaintiff and petitioner Edward Vasquez petitions for a writ of mandate ordering respondent court to vacate its order compelling arbitration of his action against his employer, defendant and real party in interest Los Angeles County Fair Association (Association). Vasquez is a member of a union that has entered into a collective bargaining agreement (the CBA) with the Association. The CBA requires disputes arising out of the agreement to be resolved by a grievance and arbitration procedure. Vasquez sued the Association for disability discrimination under the federal Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) (ADA)[1] and the California Fair Employment and Housing Act (Gov. Code, § 12940 et seq.) (FEHA), national origin discrimination under the FEHA, and retaliatory harassment. The question presented is whether arbitration of these statutory discrimination claims is required under the CBA and, if so, whether a union may waive its members' rights to a judicial forum for statutory discrimination claims. We conclude that the CBA does not contain a clear and unmistakable waiver of these statutory rights. Accordingly, we grant the petition.

---

[1]The federal act was referred to in the title of the cause of action, but not in the body of the complaint.

## FACTS

The relevant facts are few. Vasquez had been employed by the Association for approximately 12 years in various capacities, most recently as a landscape foreperson. In 1996, Vasquez suffered a job-related injury to his back and was placed on disability. After surgery, Vasquez was ready to return to work in January 1999. Disputes arose between Vasquez and the Association concerning any job restrictions. Delays in Vasquez's return to work took place. Vasquez hired an attorney. The Association returned Vasquez to work as a laborer at his foreperson salary. A vice-president of the Association made a disparaging comment about Vasquez based on his national origin. The assignment of Vasquez as a laborer caused him to reinjure his back. Vasquez was again placed on disability. Vasquez did not institute a grievance under the CBA, but brought the instant action.

## THE CBA

The CBA contains the following pertinent provisions. "That it is the intent and purpose of the parties hereto that all grievances or disputes arising between them over the interpretation or application of the terms of this Agreement, except jurisdictional disputes and subcontracting, shall be settled by the procedure set forth in Article [V] hereof . . . ." (CBA, pt. III. A.) "All grievances or disputes between the UNION and the EMPLOYER with respect to the interpretation or application of any of the terms of this Agreement, including discharges, shall be processed in [accordance with the procedure for settlement of grievances and disputes]." (CBA, pt. V. C.) The grievance procedure terminated in mandatory, binding arbitration. "A. There shall be no discrimination by the UNION or the EMPLOYER of any kind against any applicant or employee on account of race, color, religion, sex, age or national origin under applicable federal and state law. [¶] B. The EMPLOYER and the UNION shall make a good faith effort for the EMPLOYER to be an equal opportunity EMPLOYER." (CBA, pt. XVIII. A.-B.)

## DISCUSSION

The question of whether a union can waive employees' rights to a judicial forum for statutory claims is an open one in the United States Supreme Court. (*Wright v. Universal Maritime Service Corp.* (1998) 525 U.S. 70, 77 [119 S.Ct. 391, 395, 142 L.Ed.2d 361].) It also has not been decided by the California Supreme Court. The Sixth District has decided that a union cannot waive such rights. (*Torrez v. Consolidated Freightways Corp.* (1997) 58 Cal.App.4th 1247, 1259 [68 Cal.Rptr.2d 792].) So has the First District. (*Deschene v. Pinole Point Steel Co.* (1999) 76 Cal.App.4th 33, 46-49

[90 Cal.Rptr.2d 15].) We find it unnecessary to resolve this thorny issue, because we conclude no waiver occurred in this case.

We are aware of no California authority on the waiver sufficiency issue. However, the United States Supreme Court has recently addressed this issue in *Wright v. Universal Maritime Service Corp., supra,* 525 U.S. at pages 79-81 [119 S.Ct. at pages 396-397], and a number of federal courts have applied the holding of *Wright* to various collective bargaining agreement provisions. It is appropriate to apply federal law to this situation. *Wright* "is the law as explicated by the highest court of this land." (*Torrez v. Consolidated Freightways Corp., supra,* 58 Cal.App.4th at p. 1259.) Vasquez's claims are based on both the federal ADA and the California FEHA, which was modeled after a federal statute, title VII of the Civil Rights Act of 1964 (title VII), 42 U.S.C. § 2000e et seq.). Numerous courts have applied the federal law relating to this issue to state antidiscrimination statutes modeled after title VII. (*Torrez v. Consolidated Freightways Corp., supra,* 58 Cal.App.4th at p. 1259.) We also will look to federal law.[2]

■ Although ordinarily a presumption of arbitrability applies to contractual disputes arising out of a collective bargaining agreement, the presumption is not applicable to statutory violations. (*Wright v. Universal Maritime Service Corp., supra,* 525 U.S. at pp. 78-79 [119 S.Ct. at pp. 395-396].) Indeed a requirement to arbitrate statutory claims "must be particularly clear." (*Id.* at p. 79 [119 S.Ct. at p. 396].) A union-negotiated waiver of employees' statutory rights to a judicial forum for claims of employment discrimination must be " 'clear and unmistakable.' " (*Id.* at p. 80 [119 S.Ct. at p. 396].) " '[W]e will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is "explicitly stated." ' " (*Ibid.*) "[T]he right to a . . . judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a [collective bargaining agreement]." (*Ibid.*)

In determining whether there has been a sufficiently explicit waiver, the courts look to the generality of the arbitration clause, explicit incorporation of statutory antidiscrimination requirements, and the inclusion of specific antidiscrimination provisions. The test is whether a collective bargaining agreement makes compliance with the statute a contractual commitment subject to the arbitration clause. (*Wright v. Universal Maritime Service Corp.,*

[2]We are not persuaded by the Association's argument that the state public policy set forth in Labor Code section 923, favoring collective bargaining, makes consideration of federal law inappropriate. We note that federal law also encourages collective bargaining. (29 U.S.C. § 151.)

*supra,* 525 U.S. at pp. 80-81 [119 S.Ct. at pp. 396-397]; see *Austin v. Owens-Brockway Glass Container, Inc.* (4th Cir. 1996) 78 F.3d 875, 879-880.)[3]

"Broad, general language is not sufficient to meet the level of clarity required to effect a waiver in a [collective bargaining agreement]. In the collective bargaining context, the parties 'must be particularly clear' about their intent to arbitrate statutory discrimination claims." (*Carson v. Giant Food, Inc.* (4th Cir. 1999) 175 F.3d 325, 331.)[4] A waiver in a collective bargaining agreement is sufficiently clear if it is found in an explicit arbitration clause. "Under this approach, the [collective bargaining agreement] must contain a clear and unmistakable provision under which the employees agree to submit to arbitration all [state and federal statutory] causes of action arising out of their employment." (*Carson,* at p. 331.) A waiver in a collective bargaining agreement may also be sufficiently clear if broad, nonspecific language in the arbitration clause is coupled with "an 'explicit incorporation of statutory antidiscrimination requirements' elsewhere in the contract. [Citation.] If another provision, like a nondiscrimination clause, makes it unmistakably clear that the discrimination statutes at issue are part of the agreement, employees will be bound to arbitrate their [state and federal statutory] claims." (*Id.* at p. 332.)[5] A simple agreement not to engage in acts violative of a particular statute will not suffice; the agreement must establish the intent of the parties to incorporate "in their entirety" the discrimination statutes. (*Brown v. ABF Freight Systems, Inc., supra,* 183 F.3d at p. 322.) Compliance with a particular statute must be an express contractual commitment in the collective bargaining agreement.

---

[3]The *Austin* collective bargaining agreement provided: "Fair Employment Practice and Equal Opportunities [¶] 1. The Company and the Union will comply with all laws preventing discrimination against any employee because of race, color, religion, sex, national origin, age, handicap, or veteran status. [¶] 2. This Contract shall be administered in accordance with the applicable provisions of the Americans with Disabilities Act. Before taking action relative to this Section, the Company will meet with the Local Union, and both parties will have sufficient opportunity to express their opinions regarding an anticipated action. [¶] 3. Any disputes under this Article as with all other Articles of this Contract shall be subject to the grievance procedure." (*Austin v. Owens-Brockway Glass Container, Inc., supra,* 78 F.3d at pp. 879-880.)

[4]An example of a broad, general, unspecific arbitration clause is one in which the parties agree to arbitrate all disputes over the meaning of the collective bargaining agreement. (*Carson v. Giant Food, Inc., supra,* 175 F.3d at p. 332.) Another example is a clause requiring submission to arbitration of " 'all grievances or questions of interpretation arising under' " the collective bargaining agreement. (*Brown v. ABF Freight Systems, Inc.* (4th Cir. 1999) 183 F.3d 319, 321.)

[5]Inclusion of agreements not to discriminate or commit discriminatory acts prohibited by law is not sufficient if it does not incorporate by reference the statutory law. (*Carson v. Giant Food, Inc., supra,* 175 F.3d at p. 332; *Brown v. ABF Freight Systems, Inc., supra,* 183 F.3d at p. 322; *Beason v. United Technologies Corp.* (D.Conn. 1999) 37 F.Supp.2d 127, 130-131.)

(*Bratten v. SSI Services, Inc.* (6th Cir. 1999) 185 F.3d 625, 631; *Quint v. A.E. Staley Mfg. Co.* (1st Cir. 1999) 172 F.3d 1, 9.)

We now consider the provisions of the CBA involved in this case. We start with disability discrimination. Neither disability discrimination, the FEHA, nor the ADA is mentioned in the CBA. Thus, we cannot conclude that the union clearly and unmistakably waived Vasquez's right to a judicial forum for his statutory disability discrimination claim. The general language of the CBA is simply insufficient. Vasquez is entitled to a judicial forum for the resolution of his statutory disability discrimination claim. (*Deschene v. Pinole Point Steel Co., supra,* 76 Cal.App.4th at p. 48, fn. 9.)

The national origin discrimination claim is also not arbitrable. The CBA includes language which states that the parties make a contractual commitment not to discriminate against any employee on account of national origin "under applicable federal and state law." The CBA also contains the general language that all grievances or disputes with respect to application of the terms of the CBA are subject to the grievance and arbitration procedure. Thus, there is a contractual commitment not to discriminate on the basis of national origin, but there is no express provision that the antidiscrimination commitment is subject to the grievance and arbitration provisions. Nor are the ADA and the FEHA explicitly incorporated in the CBA. Indeed, these statutes are not even mentioned. There is of course the general language making all contractual disputes subject to the grievance and arbitration procedure. *Wright,* however, emphasized that with respect to statutory discrimination claims, there is no presumption of arbitrability and the waiver of a judicial forum must be clear and unmistakable.

Accordingly, we conclude the CBA in this case does not contain a clear and unmistakable waiver of the covered employees' rights to a judicial forum for statutory claims of employment discrimination.[6] Thus, Vasquez has the right to a judicial forum for his statutory claims of employment discrimination.[7] Respondent court erred when it granted the Association's motion to compel arbitration.

---

[6]Similar language in the collective bargaining agreement in *Torrez v. Consolidated Freightways Corp., supra,* 58 Cal.App.4th at page 1251, footnote 3, was deemed to encompass statutory discrimination claims. *Torrez,* however, was decided before *Wright* and the case held that unions could not waive the employees' right to a judicial forum for statutory discrimination claims.

[7]Although not expressly addressed by the parties, Vasquez's cause of action for retaliatory harassment appears to be based on the assertion of his statutory rights to be free from disability discrimination. Accordingly, it also would not be arbitrable.

## Disposition

The alternative writ is discharged. Respondent court is ordered to vacate its order granting the motion to compel arbitration and enter a new order denying the motion. Petitioner Vasquez is to recover his costs in this writ proceeding from real party in interest the Association.

Armstrong, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied May 16, 2000, and the petition of real party in interest for review by the Supreme Court was denied August 9, 2000. George, C. J., did not participate therein.