Filed 11/7/13  Cippollini v. County of Ventura CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOSEPH R. CIPOLLINI,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COUNTY OF VENTURA,<br><br>    Defendant and Appellant. | 2d Civil No. B243955<br>(Super. Ct. No. VENC100395800)<br>(Santa Barbara County) |

An employee is a member of a union whose collective bargaining agreement provides that the union may submit a grievance to arbitration.  Here we conclude that this provision does not preclude the employee with a statutory grievance against his employer from filing a judicial action.

The County of Ventura (County) appeals from an order denying its petition to compel arbitration of Joseph R. Cipollini's claims for retaliation, harassment and discrimination under the California Fair Employment and Housing Act (FEHA).  (Gov. Code, § 12940 et seq.)  We conclude that Cipollini is not bound to arbitrate his claims under the terms of a memorandum of agreement (MOA) between the County and his bargaining representative, the Ventura County Deputy Sheriffs' Association (Association), because the MOA does not provide for a clear and unmistakable waiver of Cipollini's right to a judicial forum for his statutory discrimination claims.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1990, Cipollini was an investigator for the Ventura County District Attorney's office. The Association entered into an MOA with the County governing Cipollini's conditions of employment.

In April 2011, Cipollini filed a complaint against the County for retaliation, harassment, disability discrimination, and other claims pursuant to the FEHA. He alleged the County also harassed him because he testified for co-workers in his co-workers' sexual harassment claim against the County.

In its answer to Cipollini's complaint, the County asserted 15 affirmative defenses, none of which invoked an agreement to arbitrate. It conducted written discovery, moved for summary judgment, and entered into stipulations concerning the trial date.

In July 2012, the County filed a petition to compel arbitration of Cipollini's claims, citing a provision of the MOA. Article 30 of the MOA sets forth a "Grievance Procedure." A "grievance" is defined to include employee disputes over the terms of the MOA or "a complaint of illegal discrimination because of the charging party's . . . sex, [or] physical disability . . . ." (MOA, § 3003.) The grievance procedure begins with an informal complaint and then entails a three-step formal complaint process. (MOA, § 3006.) "A grievance unresolved in the steps enumerated above *may be submitted to arbitration by the Association* by submitting a letter requesting that the grievance be submitted to arbitration to the Director-Human Resources within fourteen (14) calendar days after the Department Head renders a decision." (MOA, § 3007(A), italics added.) The MOA provides that the decision of the arbitrator "shall be final and binding upon the County, [the Association] and the employee affected, subject to judicial review." (MOA, § 3007(D).) It also provides that "[a]t any step of the grievance procedure the employee may represent himself . . . ." (MOA, § 3004.)

The trial court denied the petition to compel arbitration because the arbitration provision was unilateral and permissive and did not clearly and unmistakably waive Cipollini's right to a judicial forum for his statutory discrimination claims. The

2

court did not decide Cipollini's alternative argument that the County waived arbitration by participating in litigation for more than a year.

## DISCUSSION

Upon petition of a party, the trial court shall compel arbitration if it determines that an agreement to arbitrate the controversy exists, unless the petitioner has waived the right to compel arbitration. (Code Civ. Proc., § 1281.2.) Strong public policy favors arbitration and courts will indulge every intendment to give effect to an agreement to arbitrate. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) The policy in favor of arbitration applies to arbitration provisions in collective bargaining agreements, and contractual claims are generally presumed arbitrable. (*Posner v. Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169, 180; *Vasquez v. Superior Court* (2000) 80 Cal.App.4th 430, 434.) This presumption does not apply, however, when an employee seeks to litigate a statutory claim. The arbitration provision for such claims must be "particularly clear." (*Wright v. Universal Maritime Service Corp.* (1998) 525 U.S. 70, 79; *Vasquez,* at p. 434.) An employee is bound to arbitration as the exclusive forum for statutory claims only if the union "clearly and unmistakably" waived his or her right to a judicial forum. (*14 Penn Plaza LLC v. Pyett* (2009) 556 U.S. 247, 274 (*14 Penn Plaza*); *Wright,* at p. 80.)

We consider de novo the question whether an agreement to arbitrate exists. (*Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 707.) We conclude that the provision that an unresolved grievance "may be submitted to arbitration by the Association" is not a clear and unmistakable agreement to arbitrate Cipollini's statutory claims against the County.

The MOA in the instant case is unlike the MOA in *14 Penn Plaza, supra*, 556 U.S. 247. In *14 Penn Plaza*, a union clearly and unmistakably waived employee rights to a judicial forum for federal statutory age discrimination claims with this language: "claims made pursuant to Title VII of the Civil Rights Act [and] the Americans with Disabilities Act . . . shall be subject to the grievance and arbitration procedure . . . as the sole and exclusive remedy for violations." (*Id.* at p. 252.)

3

By contrast, the MOA here provides that unresolved grievances "may be submitted to arbitration by the Association."  The provision is permissive and unilateral. The Association is not a party to the present controversy and did not submit the grievance to arbitration.  Moreover, the MOA defines a grievance to include a "complaint of illegal discrimination," but does not refer to the FEHA or any other statute.  It does not, like the *14 Penn Plaza* agreement, "expressly cover[] both statutory and contractual discrimination claims."  (*14 Penn Plaza, supra,* 556 U.S. at p. 264.)  Even if we construed the grievance definition to implicitly include statutory claims, the provision that unresolved grievances "may be submitted to arbitration by the Association" does not clearly and unmistakably require an employee to submit a grievance to arbitration as the "sole and exclusive remedy" for a statutory violation.  (*Id.* at p. 252.)

The County argues that the arbitration provision applies to Cipollini (not just the Association) because the MOA allows employees to prosecute grievances individually.  (MOA, § 3004.)  That Cipollini could have submitted his claims to arbitration if the Association refused to, is beside the point.  It is neither clear nor unmistakable that he was so required.  The County cites no authority holding that a provision similar to the one here requires an employee with a statutory grievance to submit to arbitration.

The County argues that the word "may" has been construed in two other cases to make arbitration mandatory.  (*Ruiz v. Sysco Food Services* (2004) 122 Cal.App.4th 520; *International Assn. of Bridge etc. Workers v. Superior Court* (1978) 80 Cal.App.3d 346.)  Neither case involved an employee's statutory claims.  In *Ruiz,* an employee was required under a collective bargaining agreement to arbitrate defamation and tort claims that arose from the terms of the collective bargaining agreement and were "inextricably intertwined" with his previously arbitrated contractual claims.  (*Ruiz,* at p. 531.)  In dicta, the court construed the following language to be mandatory:  "the matter *may* be referred to arbitration."  (*Id*. at p. 527.)  But it also stated that "Ruiz's contention that there was no mandatory agreement to arbitrate appears to be a new argument on appeal, which is not properly addressed here."  (*Id.* at p. 532.)

4

*International Assn. of Bridge,* concerned an employer's contractual claims against a union for violating a no strike clause in the collective bargaining agreement. Because it did not concern statutory claims, the court did not consider whether the provision that the employer and association "*may* refer [unsettled disputes] to an agency mutually agreeable" was a clear and unmistakable wavier of employees rights to a judicial forum. (*International Assn. of Bridge,* at p. 353.)

The word "may" does not create a clear and unmistakable waiver here. It is permissive, or at least susceptible of a permissive meaning, particularly where "shall" is used elsewhere in the same provision. (MOA, § 3007(B) ["Arbitrator shall be selected by mutual agreement"]; § 3007(C) ["Costs of the Arbitration . . . shall be shared equally . . . ."]) More is required to waive an employee's right to a judicial forum for statutory claims. Even in *Vasquez,* where the arbitration provision was "mandatory" and "binding," the individual employee's right to a judicial forum was not waived because "grievances" were not explicitly defined to include statutory discrimination claims. (*Vasquez v. Superior Court, supra,* 80 Cal.App.4th at pp. 433-434.) The employee in *Vasquez* claimed that his discharge violated the FEHA. A collective bargaining provision required "mandatory, binding arbitration" (*id.* at p. 433) for disputes arising over "the interpretation or application of any of the terms of this Agreement, including discharge." (*Ibid.*) Because the provision did not specifically identify statutory discrimination claims, it did not clearly and unmistakably waive his right to a judicial forum. (*Id.* at p. 436; *see also Wright v. Universal Maritime Service Corp., supra,* 525 U.S. at p. 82 [a union did not waive employee rights to a judicial forum for statutory claims because the grievance procedure was limited to contractual disputes].)

Similarly, in *Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, our colleagues in Division Seven recently concluded that an MOA did not clearly and unmistakably waive a health care worker's right to a judicial forum for her FEHA claims. The MOA did not specifically identify statutory claims and provided that a party "may appeal the grievance to arbitration." (*Id.* at p. 539.)

Cipollini's bargaining representative did not clearly and unmistakably waive his right to a judicial forum. The provision may have required arbitration of contractual claims, and may have permitted Cipollini to voluntarily arbitrate his statutory claims, but it did not unambiguously require arbitration as the sole and exclusive remedy for his statutory discrimination claim.

DISPOSITION

The order is affirmed. Costs awarded to respondent on appeal.

<u>NOT CERTIFIED FOR PUBLICATION.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

6

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Law Offices of Mark Pachowicz, APLC, Mark Pachowicz, Lanny M. Tron, Terry L. Tron, for Plaintiff and Respondent.

Atkinson, Andelson, Loya, Ruud & Romo, Ronald W. Novotny, Mark T. Palin, Edward C. Ho, for Defendant and Appellant.