Filed 8/25/14  Alvarez v. Peterson Hydraulics CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ESTEBAN ALVAREZ, | B248947 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County<br>Super. Ct. No. BC493015) |
| PETERSON HYDRAULICS, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Ernest M. Hiroshige, Judge.  Affirmed.

Atkinson, Andelson, Loya, Ruud & Romo, Ronald W. Novotny and Ann K. Smith for Defendant and Appellant.

Livingston Bakhtiar, Ebby S. Bakhtiar; Shegerian & Associates, Inc., Carney R. Shegerian for Plaintiff and Respondent.

_____

An employee was injured on the job and ultimately terminated. He filed a complaint against his employer asserting common law causes of action and statutory claims under the Fair Employment and Housing Act (FEHA). The employer moved to compel arbitration and stay the action, arguing the claims were subject to a grievance and arbitration procedure set forth in a collective bargaining agreement (CBA). The trial court denied the motion on the ground that the CBA did not clearly and unmistakably waive the employee's right to a judicial forum for his statutory claims.

On appeal, the employer contends that the arbitration clause contained in the CBA encompasses statutory claims, that the employee waived his right to contest the motion because he filed his opposition a day late, and that the Federal Arbitration Act (FAA) trumps the standard used by California to assess arbitrability.

We reject each contention and affirm.

## BACKGROUND

Plaintiff Esteban Alvarez worked as a millwright for defendant Peterson Hydraulics, Inc. (PHI) from March 1989 to October 2010. He was assigned an assistant from the start, to whom he routinely delegated heavy lifting, pulling, pushing and other heavy labor activities. Alvarez was a member of a carpenters union, a signatory of a CBA with PHI. Article XV of the CBA, entitled, "Equal Employment Opportunity," provided that "The Employer and the Union will not discriminate against any person with regard to employment or Union membership because of his race, religion, color, sex, age, national origin, or ancestry and hereby declare their acceptance and support of existing laws. This shall apply to hiring, placement and training during employment, rates of pay or other forms of compensation, layoff or termination and application for admission to Union membership." The CBA also contained an arbitration clause that provides in relevant part that "The Contractor and the Union agree to submit all disputes concerning the interpretation or application of this Agreement to arbitration . . . ."

Alvarez incurred three separate work-related injuries between September 2007 and March 2009. Following the March 2009 injury, a PHI supervisor allegedly asked him whether he was "just getting too old" and told him it was time "to think about

2

retirement." Alvarez continued to work until August 2009, at which time he underwent corrective surgery, went on medical leave, and filed a workers' compensation insurance claim. Alvarez claimed that, in September 2009, while still on leave, he was called into a meeting where a supervisor asked about his injuries, informed him that his workers' compensation claim had caused PHI to receive a poor industrial safety rating from its insurer, and urged him to close any such claims. In November 2009, Alvarez was released from medical leave and allowed to return to work with restrictions that limited use of his right arm to no lifting, pulling or pushing more than 20 pounds. PHI allegedly refused to make any accommodations or to allow Alvarez to return to work until he was completely healed.

In January 2010, Alvarez returned to work upon withdrawal of all restrictions, at which time he learned PHI had reduced his work hours and taken away his assistant. Alvarez claimed he protested these changes and requested that PHI provide him with work accommodations because he was unable to perform heavy work by himself and PHI refused.

Over the three months following Alvarez's return to work, his disabilities worsened and he presented PHI with physicians' notes outlining work restrictions of no pulling, pushing, or lifting more than 10 pounds and limited overhead work. PHI allegedly refused to offer any accommodation, and over Alvarez's objection placed him on a forced disability-based leave of absence.

In late March or early April 2010, Alvarez retained counsel and filed a formal workers' compensation claim against PHI. On July 15, 2010, PHI placed him on a Family and Medical Leave Act (FMLA) leave, and in October 2010 notified him that he had exhausted his FMLA leave and would not be reinstated.

Alvarez promptly filed charges against PHI with the Department of Fair Employment and Housing and received a notification of his right to sue under the FEHA, Government Code section 12965, subdivision (b). He filed a complaint against PHI on October 5, 2012, asserting six statutory claims for discrimination based on actual or perceived disability, age discrimination, failure to prevent discrimination, failure to

3

provide reasonable accommodation, failure to engage in interactive process, and retaliation, and three common law claims for wrongful discharge, intentional infliction of emotional distress, and unfair business practices. Alvarez sought economic and non-economic damages and injunctive relief.

PHI moved to compel arbitration and stay the action, arguing the CBA applied to all PHI employees, including Alvarez, and required that any claims against PHI be arbitrated. Alvarez opposed the motion, arguing the arbitration clause did not apply because it contained generalized language not expressly addressing statutory claims.

The trial court denied PHI's motion on the ground that the CBA did not "clearly and unmistakably" require its employees to arbitrate their statutory discrimination claims.

PHI appealed.

## DISCUSSION

The question of arbitrability is a legal question subject to de novo review. (*Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 541.)

PHI contends the CBA arbitration provision clearly and unmistakably waives Alvarez's right to a judicial forum because the provision requires arbitration of "all disputes concerning the interpretation or application" of the CBA, and the CBA declares the parties "acceptance and support of existing laws." We disagree.

California law provides that an employee may obtain a right-to-sue from the Department of Fair Employment and Housing to pursue claims of unlawful practices against an employer. (Gov. Code, § 12965, subd. (b).) But California also has a strong public policy favoring arbitration as an alternative dispute resolution process. (*Vasquez v. Superior Court* (2000) 80 Cal.App.4th 430, 434.)

Contractual disputes arising out of a CBA are presumably arbitrable. (*Vasquez v. Superior Court*, *supra*, 80 Cal.App.4th at p. 434.) However, parties cannot be required to submit to mandatory arbitration controversies they have not agreed so to submit. (*Ibid*.) Although a union may negotiate on behalf of its employee-members and the members are bound by the final agreement, California and federal law safeguard against prospective waivers of employee statutory rights negotiated collectively by a union. (*Alexander v.*

4

*Gardner-Denver Co.* (1974) 415 U.S. 36, 51.) In the collective bargaining context, parties must be particularly clear about their intent to waive access to a judicial forum and arbitrate statutory discrimination claims. (*Vasquez v. Superior Court*, *supra*, 80 Cal.App.4th at pp. 434-435.) Broad, general language will not suffice unless the CBA elsewhere explicitly incorporates statutory antidiscrimination requirements or makes it unmistakably clear that such requirements are part of the agreement. (*Ibid*.) A simple agreement not to violate a particular statute will not suffice. (*Ibid*.)

In *Vasquez*, an employee sued his employer for discrimination based on national origin and disability under the Americans with Disabilities Act (ADA) and the FEHA, and the employer moved to compel arbitration pursuant to a CBA. (*Vasquez v. Superior Court*, *supra*, 80 Cal.App.4th at p. 433.) The CBA included provisions stating the employer would not discriminate against any employee based on disability or national origin "under applicable federal and state law," and all disputes related to the application of the terms of the CBA must be arbitrated. (*Id.* at p. 436.) Division Five of this District held that the employee did not clearly and unmistakably waive his right to a judicial forum because the language in the CBA's antidiscrimination provision was neither sufficiently specific nor accompanied elsewhere by an explicit incorporation or mention of the ADA or the FEHA in a provision elsewhere. (*Ibid*.)

In *Mendez*, a 66-year-old employee sued her employer for age discrimination under the FEHA when she was terminated after going on medical leave, and her employer moved to compel arbitration pursuant to a CBA. (*Mendez v. Mid-Wilshire Health Care Center*, *supra*, 220 Cal.App.4th at p. 537.) The CBA stated the employer promised to comply with "all City, County, State and Federal regulations relative to discrimination," and the parties agreed to arbitrate all disputes. (*Id.* at pp. 537, 545.) Division Seven of this District held that a general contractual commitment not to discriminate that does not explicitly mention the FEHA or any antidiscrimination statutes or expressly state an agreement to arbitrate discrimination claims, is not specific enough to constitute a waiver of an employee's right to bring discrimination claims to a court. (*Id*. at p. 546.)

5

The CBA here does not specifically state the parties intended to arbitrate statutory discrimination claims. The arbitration provision states only that "disputes concerning the interpretation or application of the Agreement" are subject to mandatory arbitration. Although elsewhere in the CBA the employer declared its "acceptance and support" of existing laws and pledged it would not discriminate against any employee, these provisions do not make compliance with antidiscrimination laws a contractual obligation such as would be subject to the arbitration provision. The court in *Vasquez* stated that a "broad, nonspecific" arbitration clause might cover statutory discrimination claims if it "is coupled with 'an "explicit incorporation of statutory antidiscrimination requirements" elsewhere in the contract.'" (*Vasquez*, *supra*, 80 Cal.App.4th at p. 435.) But a general reference to complying with "existing laws" and a pledge not to discriminate do not constitute an explicit incorporation of statutory nondiscrimination requirements.

We do not purport to state exclusive considerations for deciding whether a claim is arbitrable under a particular agreement, nor do we address the question of which factors, if any, would clearly demonstrate a particular issue is not arbitrable. But very general language regarding contractual grievances does not convey a clear and unmistakable intent to arbitrate rather than adjudicate discrimination claims.

Relying on *AT&T Mobility LLC v. Concepcion*, PHI contends that California's "clear and unmistakable" standard interferes with and is preempted by the FAA's objective of enforcing the terms of arbitration agreements. Whether the FAA preempts California law in this case is irrelevant because the waiver standard in both is the same. Under the federal standard, an arbitration provision in a CBA is presumptively enforceable, but an employee will not be found to have waived the judicial forum as to statutory claims absent clear and unmistakable language to that effect. (*AT&T Mobility LLC v. Concepcion* (2011) 131 S.Ct. 1740, 1744-1753; *Wright v. Universal Maritime Service Corp.* (1998) 525 U.S. 70, 79-80.) California cases expressly rely on and adopt this federal standard. (*Mendez v. Mid-Wilshire Health Care Center*, *supra*, 220 Cal.App.4th at p. 543; *Vasquez v. Superior Court*, *supra*, 80 Cal.App.4th at p. 435.)

6

PHI also argues that Alvarez waived any opposition to the motion to compel arbitration because he filed his opposition a day late. We disagree. California's strong policy in favor of resolving disputes on the merits disproves forfeiture. (*Kapitanski v. Von's Grocery Co.* (1983) 146 Cal.App.3d 29, 32.) Accordingly, courts may, in the interest of justice, allow late filings. (*Ibid*.) In *Kapitanski*, an employee sued his employer for wrongful termination and was a few days late in responding to the employer's request for admissions. (*Id.* at p. 31.) The trial court granted the employer's motion for summary judgment and deemed the employee's untimely response an admission to the facts. (*Ibid.*) The appellate court reversed, holding that a court should employ a flexible rather than formalistic approach when considering late opposition filings in order to render a more informed decision. (*Id*. at p. 33.) Similarly here, the trial court was within its discretion to consider Alvarez's day-late opposition and resolve the dispute on the merits.

We conclude Alvarez did not clearly and unmistakably waive his right to a judicial forum in relation to his statutory claims. The trial court therefore properly denied PHI's motion to compel arbitration. PHI does not contend Alvarez's common law claims are separable from his statutory claims and therefore we need not address whether those claims must be sent to arbitration.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

WILEY, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7